SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD R. COOCH
*RESIDENT JUDGE*

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0664

Donald Boyer
SBI# 00082420
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977
Petitioner

Carla A. K. Jarosz, Esquire
Deputy Attorney General
Department of Justice
820 North French Street, 6th Fl.
Wilmington, Delaware 19801
Attorney for Respondents

Re: **Donald Boyer v. Department of Corrections, et al.**
**C.A. No. N18M-09-140 RRC**

Submitted: December 26, 2018
Decided: January 9, 2019

On Petitioner's Motion for Appointment of Counsel. **DENIED**

Dear Mr. Boyer and Ms. Jarosz:

The Court has received Petitioner's Motion for Appointment of Counsel. For the reasons set forth below, Petitioner's Motion is denied.

The matter before the Court is a civil suit, and as such, Petitioner is not entitled as a matter of right to court-appointed counsel.[1] Although not required to appoint

---

[1] *See, e.g., Lassiter v. Dep't of Soc. Serv.*, 452 U.S. 18 (1981) ("when an indigent civil litigant could not possibly be deprived of his personal liberty as a direct result of the litigation, the Constitution does not require … the appointment of counsel"); *Anderson v. Tingle*, 2011 WL 3907125, at *3 (Del. Super. Ct. Aug. 30, 2011) ("The instant case is a civil case; Plaintiff is not entitled, as a matter of right, to the appointment of counsel") (citations omitted); *State Ins. Cov.*

counsel in a civil case, the Court does have "inherent authority" to do so.[2] The Court seldom exercises this authority however.[3] It is "generally appropriate only when the prisoner clearly demonstrates a deprivation of his constitutional right of meaningful access to the court.[4] Delaware Courts have interpreted meaningful access mean either "access to an adequate law library" or access "to legal assistance in the preparation of complaints, appeals, petitions, etc."[5]

Petitioner does not allege he lacks access to the prison's law library. Instead he alleges that the law library staff "will not prepare motions, briefs, or research issues[.]"[6] Such a situation does not prevent access to the law library, nor does it prevent meaningful access to the courts. Although Petitioner's "chances of success may be diminished without the assistance of counsel, [or other persons,] it cannot be said that the State denied him 'meaningful access to the courts.'"[7]

Therefore, Petitioner's Motion for Appointment of Counsel is **DENIED**.

Very truly yours,

Michael Mook

RRC
cc: Prothonotary

---

*Office v. Rainer*, 2010 WL 2541665 (Del. Super. Ct. June 22, 2010) ("Courts have been reluctant, however, to extend [the right to counsel] to indigent litigants in civil cases, and have almost universally declined to do so.") (citations omitted); *Deputy v. Conlan*, 2008 WL 495791 (Del. Super. Ct. Feb. 13, 2008) (finding that indigent plaintiff in civil rights suit against various prison officials did not demonstrate that he was denied "meaningful access" to the Court, such that appointment of counsel would be warranted); *Jenkins v. Dover Police Comm'r*, 2002 WL 663912 (Del. Super. Ct. Apr.5, 2002) (declining to appoint counsel for indigent plaintiff in a civil suit where plaintiff did not present "special and compelling circumstances" to overcome the State's strong countervailing interest in maintaining order and discipline in its penal institutions).

[2] *Vick v. Dep't of Corr.*, 1986 WL 8003, at *2 (Del. Super. Ct. Apr. 14, 1996).

[3] *Conlan*, 2008 WL 495791, at *1 ("The State rarely appoints counsel to prisoners for civil claims.").

[4] *Id.*

[5] *Sands v. Delaware Dep't of Corr.*, 2017 WL 3311234, at *1 (Del. Super Ct. Aug. 2, 2017) (citing *Vick*, 1986 WL 8003, at *2).

[6] Def.'s Mot. for Appointment of Counsel, D.I. 16, at 1 ¶8 (Dec. 26, 2018).

[7] *Anderson*, 2011 WL 3907125, at *3 (quoting *Vick*, 1986 WL 8003, at *2).